IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| *MISSY JONES*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *CONSUMER PORTFOLIO SERVICES, INC.*, | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiff Missy Jones, by her counsel, Paúl Camarena, respectfully complains as follows:

### Introduction.

1) The Fair Credit Reporting Act and the Fair Debt Collection Practices Act provide that, when creditors and debt collectors report consumer information to consumer reporting agencies, creditors and debt collectors must also report any consumer disputes of that information. In the case at bar, Defendant Consumer Portfolio Services, Inc. reported its purported information about Ms. Jones to consumer reporting agencies, but Defendant failed to report that Ms. Jones disputed that purported information. Thus, Defendant Consumer Portfolio Services, Inc. violated the Fair Credit Reporting Act and the Fair Debt Collection Practices Act.

### Jurisdiction and Venue.

2) Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this case because the case counts arise under the laws of the United States. Pursuant to 28 U.S.C. § 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because the Eastern Division is where a substantial part of the events or omissions giving rise to this case occurred.

**Parties.**

3) Plaintiff Missy Jones is a "consumer" as that term is defined in the Fair Credit Reporting Act, at 15 U.S.C. § 1681a(c), and in the Fair Debt Collection Practices Act, at 15 U.S.C. § 1692a(3); and Ms. Jones resides within the Eastern Division.

4) Defendant Consumer Portfolio Services, Inc. is a "person" as that term is defined in the Fair Credit Reporting Act, at 15 U.S.C. § 1681a(b) (the "term 'person' means any individual, partnership, corporation").

5) Defendant Consumer Portfolio Services, Inc. is also a "debt collector" as that term is defined in the Fair Debt Collection Practices Act, at 15 U.S.C. § 1692a(6) (the "term 'debt collector' means ... any business the principal purpose of which is the collection of any debt").

6) Defendant Consumer Portfolio Services, Inc. is additionally a Corporation incorporated in the State of California and authorized to transact business in Illinois.

**Factual Allegations.**

7) Defendant Consumer Portfolio Services has reported to consumer reporting agencies that Ms. Jones has an account ("Account number 400164XXXXX"). More specifically, Defendant Consumer Portfolio has reported, *inter alia*, account "Date opened May 10, 2016," "Loan Amount $15,021," and various delinquencies.

8) Ms. Jones has disputed the accuracy of Defendant Consumer Portfolio's reported information with consumer reporting agencies; and, upon information and belief, these consumer reporting agencies have forwarded Ms. Jones's disputes to Defendant and Defendant has received these disputes.

9) Although Defendant Consumer Portfolio is aware that Ms. Jones disputes Defendant's reported information, upon information and belief, Defendant made the decision to continue

reporting the disputed information without any notation of the dispute.

10) Because Defendant Consumer Portfolio failed to report to a credit reporting agency that the debt is disputed, the plaintiff suffered a real risk of financial harm caused by an inaccurate credit rating.

## Causes of Action.

### Count One – Fair Credit Reporting Act.

11) The Fair Credit Reporting Act, at 15 U.S.C. § 1681s-2(b)(1)(D), states that, "[a]fter receiving notice [ ] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall[, ] if the investigation finds that the information is incomplete or inaccurate, report those results." Hence, "[i]f a consumer disputes the accuracy of credit information, the FCRA requires furnishers to report that fact when reporting the disputed information." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1162 (9th Cir. 2009). Further, "after receiving notice of dispute, a furnisher's decision to continue reporting a disputed debt <u>without any notation of the dispute presents a cognizable claim</u> under § 1681s-2(b)." *Id.*, citing *Saunders v. Branch Banking & Trust Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008) (emphasis added).

12) Defendant Consumer Portfolio willfully violated 15 U.S.C. § 681s-2(b)(1)(D) by making the decision to continue reporting the disputed debt without any notation of Ms. Jones' dispute.

### Count Two – Fair Debt Collection Practices Act.

13) The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692e(8), prohibits debt collectors from "fail[ing] to communicate that a disputed debt is disputed." "Despite receiving [disputes], [Defendant] still reported plaintiff['s] debts to credit reporting agencies without noting that the debt amounts were disputed. This is a clear violation of the statute." *Evans v. Portfolio*, 889

F.3d 337, 346 (7th Cir. 2018).

14) Defendant Consumer Portfolio violated 15 U.S.C. § 1692e(8) by reporting plaintiff's debt to credit reporting agencies without noting that the debt was disputed.

### Prayer for Relief.

WHEREFORE, Missy Jones prays that this Court holds a trial by jury and enters judgment in her favor (and against Defendant Consumer Portfolio) for her actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a) and 15 U.S.C. § 1692k.

        Respectfully submitted,
        Plaintiff's, Missy Jones', Counsel
        North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*   .
        Paúl Camarena, Esq.
        500 So. Clinton, No. 132
        Chicago, IL 60607
        paulcamarena@paulcamarena.com
        (312) 493-7494